# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL TERRANCE WARD, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer MARIE MITCHELL, *et al.*, | : | NO. 3:10-CV-78 (CAR) |
| Defendants | : | **ORDER & RECOMMENDATION** |

In this 42 U.S.C. § 1983 action, plaintiff **MICHAEL TERRANCE WARD** sued five defendants with respect to claims arising out of his prior confinement at the Oconee County Detention Center ("OCDC"). On November 3, 2010, the undersigned issued an Order and Recommendation (Tab # 5) that plaintiff's claims against Officers Marie Mitchell and Waymon Fields be allowed to go forward, but that plaintiff's claims against the OCDC, Sheriff Scott Berry, and Captain Chuck Johnson be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

Plaintiff filed objections (Tab # 7) to the Order and Recommendation on November 9, 2010. In his objections, plaintiff alleges for the first time facts that could support a cognizable claim against Sheriff Scott Berry. Specifically, plaintiff appears to allege that Sheriff Berry personally directed the installation of listening devices in attorney conference rooms and had a policy of listening to or recording attorney-client conversations.

In *Newsome v. Chatham County Detention Ctr*, 256 Fed. Appx. 342 at *2 (11th Cir. Nov. 29, 2007), the Eleventh Circuit Court of Appeals held that a district court must treat new factual allegations in an objection to a magistrate judge's recommendation as a motion to amend the complaint to include the additional allegations. Accordingly, plaintiff's objections are so construed and his motion to amend the complaint is hereby **GRANTED**.

Construing plaintiff's amended complaint liberally in favor of plaintiff, the Court will allow plaintiff's lawsuit to proceed against Sheriff Berry (in addition to Officers Mitchell and Fields). *See e.g., Tucker v. Randall*, 948 F.2d 388 (7th Cir. 1991); *Modelle v. Fauro*, 2010 WL 624023 (N.D.N.Y. Feb. 18, 2010); *Andersen v. County of Becker*, 2009 WL 3164769 (D. Minn. Sept. 28, 2009).

Plaintiff also objects to this Court's dismissal of Captain Chuck Johnson as a defendant. In contrast to plaintiff's new allegations against Sheriff Berry, as to Captain Johnson plaintiff merely repeats in his objections the allegations contained in his original complaint. Accordingly, the undersigned's recommendation that Johnson be dismissed as a defendant shall stand.

In light of the foregoing, the Clerk of Court is **DIRECTED** to serve a copy of the following upon Sheriff Berry: the complaint, the November 3, 2010 Order and Recommendation, plaintiff's objections to said Order and Recommendation, and this Order and Recommendation. Sheriff Barry is **ORDERED** to file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to

prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any

4

event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 14th day of December, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge